UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MARSHALL CASTON** | **CIVIL ACTION NO. 07-1520** |
| **VS.** | **SECTION P** |
| **FRANKLIN PARISH** | **JUDGE JAMES** |
| **DETENTION CENTER, ET AL** | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on September 12, 2007, by *pro se* plaintiff Marshall Caston. Plaintiff is incarcerated at the Ouachita Corrections Center (OCC), Monroe, Louisiana; however, he complains of a series of incidents that occurred while he was imprisoned at the Franklin Parish Detention Center (FPDC), Winnsboro, Louisiana in October 2006. He sues Louisiana Department of Public Safety and Corrections inmate Antonio Jones, FPDC Corrections Officers Howard and Griffin, the unnamed FPDC Duty Nurse, and the FPDC seeking "expert medical attention," compensatory damages, and disciplinary action against "every employee involved." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

### *Statement of the Case*

On some unspecified date in October 2006, plaintiff was incarcerated at the FPDC. He was beaten with a mop handle by a fellow-inmate named Antonio Jones. According to plaintiff, he sustained "severe damage to [his] body." Plaintiff complains that he was refused proper medical attention, denied administrative remedies, and denied family visitation.

*Law and Analysis*

*1. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a

plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint recites the facts relied upon to support his specific theories of liability. Therefore, further amendment of these pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that the plaintiff's claims are frivolous.

## 2. Juridical Person

Plaintiff has named the Franklin Parish Detention Center as a defendant. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether FPDC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.

FPDC is apparently a parish corrections facility operated by the Sheriff of Franklin Parish. [Compare La. Atty. Gen. Op. No. 03-0437, 2003 WL 23146623; see also, *Langley v. City of Monroe*, 582 So.2d 367 (La. App. 2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the duty of operating the jail and insuring that prisoners are properly cared for, fed and clothed.)] As such, it is not a "juridical person" and plaintiff cannot maintain suit against this entity.

## 3. Antonio Jones

Plaintiff has also named his assailant, Antonio Jones, as a defendant. Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, the plaintiff in a civil rights suit must show that the conduct complained of was committed by a person <u>acting under color of state law</u>.

The complaint is devoid of any allegation which indicates that inmate Jones was acting under the color of state law. Absent some allegation to establish the defendant as a "state actor," plaintiff's complaint fails to state a claim against Jones and must be dismissed as frivolous. Plaintiff may have an action against Jones, but that action would fall under state tort law, not under §1983.

*4. Failure to Protect*

Plaintiff implies that the defendants Howard and Griffin are liable for their failure to protect him from inmate Jones. Presumably, plaintiff was a pre-trial detainee, not a convicted prisoner at the time of the incident in question. Therefore, his failure to protect claims arise under the due process clause of the Fourteenth Amendment and not the Eighth Amendment's cruel and unusual punishment clause.[1] The standard to be applied in analyzing failure to protect cases arising under either the Fourteenth Amendment's due process clause or the Eighth Amendment's cruel and unusual punishment clause is that of "deliberate indifference." *Hare v. City of Corinth*, 74 F.3d 633, 638 (5th Cir.1996) (*en banc*), rev'd on other grounds, 135 F.3d 320 (5th Cir.1998). In other words, plaintiff's right to protection from violence is measured by the

---

[1] The Eighth Amendment's prohibition against cruel and unusual punishment protects the rights of convicted prisoners; detainees, on the other hand, must look to the Fourteenth Amendment for their constitutional protections. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir.1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)).

standard of subjective deliberate indifference enunciated by the Supreme Court in *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under that standard, a prison official is not liable for failing to protect an inmate or detainee unless the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In order to prevail, plaintiff must establish that the defendant officials: (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and (2) actually drew the inference. *Farmer*, 511 U.S. at 837. Negligent inaction can never be the basis of a failure to protect claim. *Farmer*, 511 U.S. at 835; *Hare*, 74 F.3d at 642. The legal conclusion of deliberate indifference must rest on facts clearly evincing "wanton" actions on the part of defendants. *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985). In *Smith v. Wade*, 461 U.S. 30, 39 n. 8, 103 S.C. 1625, 1632 n. 8, 75 L.Ed.2d 632 (1983), the Court approved the following definition of wanton: "'Wanton means reckless – without regard to the rights of others ... Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure.' 30 American and English Encyclopedia of Law 2-4 (2d ed. 905) (footnotes omitted)."

     Nothing in plaintiff's complaint suggests that defendants Howard and Griffin (or anyone else for that matter) were guilty of deliberate indifference with regard to the unanticipated assault. Nothing suggests that these defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed. Even assuming that these

defendants were aware of such facts, nothing suggests that they actually drew such an inference. In short, plaintiff has failed to state a claim of deliberate indifference as to these defendants and his claim must be dismissed as frivolous.

## 5. *Medical Care*

Plaintiff also claims that he was denied appropriate and adequate medical care while incarcerated at FPDC. Presumably, he faults defendants Howard, Griffin, and the un-identified "Duty Nurse" for their failure to provide "proper medical attention."

Again, assuming that plaintiff was a detainee at the time of the incident complained of, the constitutional right of a pretrial detainee to adequate medical care arises from the due process guarantees of the Fourteenth Amendment. *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir.2000). As with claims of failure to protect, an inmate's (or convict's) right to adequate and prompt medical attention is violated only if the defendants act with deliberate indifference to a substantial risk of serious medical harm which results in injury. *Id.* Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. *Id.* Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Id.*

Deliberate indifference in the context of the failure to provide reasonable medical care to either a convicted prisoner or a pretrial detainee means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d

752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from <u>a negligent or even a grossly negligent response</u> to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

      Plaintiff has not alleged facts sufficient to establish deliberate indifference in this context. He has not shown that <u>anyone</u> at FPDC was aware of facts from which an inference of substantial risk of serious harm could be drawn. Further, even if he had made such a showing, he has failed to show that anyone actually drew such an inference, and it does not appear that anyone possessed a subjective intention that some harm befall the plaintiff. *Compare Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-459 (5th Cir.2001).

      Finally, plaintiff complains that he was denied medical attention in October 2006. He waited eleven months to assert his medical claim. Under the circumstances, the injury he complains of must not have been of a serious or life-threatening nature. The facts alleged herein, taken as true for the purposes of this Report, do not establish that the defendants were deliberately indifferent to serious medical needs. Therefore, plaintiff's medical care claims are frivolous.

### 6. Administrative Remedies

      Plaintiff complains that the defendants denied his administrative remedies. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115

S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves prisoners without a federally-protected right to have grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. See *Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. Feb.12, 2004) (not designated for publication) (holding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim"). See also *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629 (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (quotation omitted) (holding that a prison grievance procedure is not a substance right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.")

Plaintiff's claim concerning administrative remedies is frivolous.

### 7. Visitation Rights

Prisoners have no absolute constitutional right of visitation. See *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir.1999). The alleged violation of the prison's visitation policy likewise provides no basis for a constitutional claim. See *Edwards v. Johnson*, 209 F.3d 772, 779 (5th Cir.2000).

Clearly then, plaintiff's denial of visitation claim is frivolous.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 30th day of October, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE